**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| | CRIMINAL NO. 1:10-CR-00083 |
| v. | (MEHALCHICK, J.) |
| DERRICK L. SYLVESTER, | |
| Defendant | |

**MEMORANDUM**

Before the Court are Defendant Derrick L. Sylvester's ("Sylvester") request for transfer and a hearing on the Government's writ of garnishment and Sylvester's motion to compel response and request relief. (Doc. 130; Doc. 131; Doc. 135). For the following reasons, Sylvester's requests and motion are denied.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

On March 7, 2011, Sylvester pleaded guilty to one count of Bank Fraud in violation of 18 U.S.C. § 1344. (Doc. 88). On August 31, 2011, Judge Sylvia H. Rambo sentenced Sylvester to twenty-one months of imprisonment, three years of supervised release, and ordered Sylvester to pay an assessment of $100.00 and $67,986.13 in restitution. (Doc. 104) The restitution was to be paid in monthly installments of no less than $200.00 and Sylvester was joint and severally liable for those payments along with Brian C. Sheared, a co-defendant. (Doc. 104, at 6).

On August 22, 2022, the Government filed its first application for writ of continuing garnishment, asserting that Sylvester still owed $60,880.22 in restitution and that thirty days had elapsed since the Government made a demand for payment. (Doc. 117). Judge Rambo granted the Government's application on August 25, 2022. (Doc. 118). On September 13,

1

2024, the Government filed a second application for writ of garnishment asserting that Sylvester still owed $59,880.22 and that more than thirty days had passed since the Government demanded payment. (Doc. 123). That same day, this matter was reassigned to the undersigned. On September 23, 2024, the Court granted the Government's second petition for writ of garnishment. (Doc. 124). On September 25, 2024, the Government filed a motion to have Sylvester served by the United States Marshal Service at Sonesta Simply Suites Nanuet, 20 Overlook Boulevard, Nanuet, NY 10954. (Doc. 127). On September 26, 2024, the Court granted the Government's motion. (Doc. 128).

On November 21, 2024, Sylvester filed a request for transfer and a letter with the Court informing the Court that his employer garnished his wages on November 7, 2024, without notifying him or allowing him to exercise his rights to have a hearing. (Doc. 130; Doc. 131). Sylvester requested that the Court transfer this matter "to the federal judicial district closest to my residence at 20 Overlook Blvd Nanuet, New York 10954" and order a hearing. (Doc. 131, at 1). On December 2, 2024, the Government filed a response to Sylvester's requests, urging the Court to deny both his request for a hearing and request for a transfer. (Doc. 133). On January 28, 2025, the Government filed a letter with the Court informing the Court that it had tried to serve Sylvester with its response to his requests, but that the response was returned as undeliverable after the Government tried to mail it to 20 Overlook Blvd Nanuet, New York 10954. (Doc. 134, at 1-2). On September 15, 2025, Sylvester filed a motion entitled "Motion to Compel Response and Request for Relief," in which he requested the Court grant his previous requests "that this case be transferred to his home district pursuant to venue rights recognized under federal law, as he currently resides in San Antonio, Texas," even though his previous filings requested transfer to New York.

(Doc. 135, at 2-3). On March 19, 2026, the Government filed a letter with the Court reiterating that the Court should deny Sylvester's requests. (Doc. 136).

## II.    DISCUSSION

According to Sylvester, he is entitled to a venue transfer and hearing pursuant to 28 U.S.C. § 3202(d). (Doc. 135). The Government counters that a hearing is not required because the Government followed all necessary procedures while issuing its writ of garnishment, garnishment is warranted, and no exemption applies. (Doc. 133, at 8-12). The Government further contends that the Court should not transfer this case because doing so would lead to a significant waste of judicial resources, would delay the Government's effort to collect restitution, and enable Sylvester to continue to evade his restitution obligations. (Doc. 133, at 12-15). The Court will first address Sylvester's request for a hearing before turning to Sylvester's request for transfer.

### A.  SYLVESTER IS NOT ENTITLED TO A HEARING.

Under the Mandatory Victims Restitution Act ("MVRA"), a sentencing court "shall order . . . that the defendant make restitution to the victim of the offense or, if the victim is deceased, to the victim's estate." 18 U.S.C. § 3663A(a)(1). These restitution payments should be made "immediately, unless, in the interest of justice, the court provides for payment on a date certain or in installments. If the court provides for payment in installments, the installments shall be in equal monthly payments over the period provided by the court, unless the court establishes another schedule." 18 U.S.C. § 3572(d). To enforce a restitution order, "the Government may apply for a writ of garnishment, and the court may issue the writ and a disposition order." *United States v. Shusterman*, 331 F. App'x 994, 996 (3d Cir. 2009) (nonprecedential). Under 28 U.S.C. § 3202(d), a judgment debtor may request a hearing to quash the writ of garnishment. Section 3202(d) provides:

The issues at such hearing shall be limited--

> (1) to the probable validity of any claim of exemption by the judgment debtor;
>
> (2) to compliance with any statutory requirement for the issuance of the postjudgment remedy granted; and
>
> (3) if the judgment is by default and only to the extent that the Constitution or another law of the United States provides a right to a hearing on the issue, to--
>
> > (A) the probable validity of the claim for the debt which is merged in the judgment; and
> >
> > (B) the existence of good cause for setting aside such judgment.

28 U.S.C. § 3202(d).

A hearing is not warranted where the judgment debtor fails to identify 1) a statutory requirement the Government failed to follow while issuing the writ of garnishment or 2) a specific statutory exemption which shields their property from garnishment. *See United States v. Tilley*, No. CR 07-290, 2017 WL 3007799, at *3 (W.D. Pa. July 14, 2017) (denying a request for a hearing where the judgment debtor did "not contend that an exemption would apply and [did] not identify a statutory requirement with which the government failed to comply"); *see also United States v. Castanon*, No. CR 10-237, 2012 WL 1432554, at *2 (D.N.J. Apr. 24, 2012) (stating "[n]o hearing is necessary because [the judgment debtor's] life insurance policy is not subject to any valid exemption and he has not raised any statutory requirement non-compliance").

### i. Sylvester does not identify a statutory requirement the Government failed to follow.

The statutory requirements for a writ of garnishment are codified at 28 U.S.C. § 3205(b). First the Government must file an application for a writ of garnishment which states:

> (A) the judgment debtor's name, social security number (if known), and last known address;

4

(B) the nature and amount of the debt owed and the facts that not less than 30 days has elapsed since demand on the debtor for payment of the debt was made and the judgment debtor has not paid the amount due; and

(C) that the garnishee is believed to have possession of property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest.

28 U.S.C. § 3205(b)(1).

A court must then review the application, and if it is satisfied the above requirements are met, "the court shall issue an appropriate writ of garnishment." 28 U.S.C. § 3205(c)(1). The writ must include:

(A) The nature and amount of the debt, and any cost and interest owed with respect to the debt.

(B) The name and address of the garnishee.

(C) The name and address of counsel for the United States.

(D) The last known address of the judgment debtor.

(E) That the garnishee shall answer the writ within 10 days of service of the writ.

(F) That the garnishee shall withhold and retain any property in which the debtor has a substantial nonexempt interest and for which the garnishee is or may become indebted to the judgment debtor pending further order of the court.

28 U.S.C. § 3205(c)(2).

The Government must then serve the writ pursuant to 28 U.S.C. § 3205(c)(2). Section 3205(c)(2) provides:

The writ shall be accompanied by--

(A) an instruction explaining the requirement that the garnishee submit a written answer to the writ; and

(B) instructions to the judgment debtor for objecting to the answer of the garnishee and for obtaining a hearing on the objections.

28 U.S.C. § 3205(c)(2).

After the Government serves the writ, the garnishee must then file an answer in which the garnishee states the following under oath:

(A) whether the garnishee has custody, control or possession of such property;

(B) a description of such property and the value of such interest;

(C) a description of any previous garnishments to which such property is subject and the extent to which any remaining property is not exempt; and

(D) the amount of the debt the garnishee anticipates owing to the judgment debtor in the future and whether the period for payment will be weekly or another specified period.

28 U.S.C. § 3205(c)(5).

On September 13, 2024, the Government filed an application for writ of continuing garnishment which included the information mandated by 28 U.S.C. § 3205(b)(1). The Court reviewed that application, was satisfied that the requirements were met, and then the Clerk of Court issued a writ with the information required by 28 U.S.C. § 3205(c)(2). (Doc. 124; Doc. 125). The Government then filed a motion to have the United States Marshal Service serve the writ pursuant to Federal Rule of Civil Procedure 4.1 which the Court granted. (Doc. 127; Doc. 128). The U.S. Marshal Service served the writ and the service documents included the information required by 28 U.S.C. § 3205(c)(2). (Doc. 132). On November 6, 2024, the Court received the garnishee's answer which included sworn statements required by 28 U.S.C. § 3205(c)(5). (Doc. 129). The Court is satisfied that the Government followed the requirements for issuing a writ of garnishment and Sylvester's filings do not identify any specific requirements the Government failed to comply with. (Doc. 130; Doc. 131; Doc. 135). Accordingly, Sylvester is not entitled to a hearing unless he identifies a specific exemption which shields his property from garnishment. *See* Tilley, 2017 WL 3007799, at *3; *see also* Castanon, 2012 WL 1432554, at *2.

### ii. Sylvester does not identify an exemption which shields his property.

"In garnishment proceedings, the [judgment debtor] bears the burden of establishing that his property is exempt." *United States v. King*, No. CRIM. 08-66-01, 2012 WL 1080297,

at *3 (E.D. Pa. Apr. 2, 2012); *see Tilley*, 2017 WL 3007799, at *3. The only property shielded from potential garnishment is "property exempt from levy for taxes pursuant to section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986." 18 U.S.C. § 3613(a)(1); *see Castanon*, 2012 WL 1432554, at *2 (stating "the only property exempted [in garnishment proceedings] is that which falls under 26 U.S.C. § 6334(a)(1–8), (10), and (12)"). This property includes 1) "[w]earing apparel and school books," 2) "[f]uel, provisions, furniture, and personal effects," 3) [b]ooks and tools of a trade, business, or profession," 4) "[u]nemployment benefits," 5) "[u]ndelivered mail," 6) "[c]ertain annuity and pension payments," 7) "[w]orkmen's compensation," 8) "[j]udgments for support of minor children," 10) "[c]ertain service-connected disability payments," and 12) "[a]ssistance under Job Training Partnership Act." 26 U.S.C. § 6334(a). Wages are not included in this list. A hearing is not warranted where the property that a judgment debtor identifies is not listed in the list of exemptions. *See Tilley*, 2017 WL 3007799, at *3; *see also Castanon*, 2012 WL 1432554, at *2.

Here, Sylvester objects to the Government garnishing his wages through his employer. (Doc. 130, at 2; Doc. 131, at 1). Sylvester is not entitled to a hearing because wages are not exempt property. *See Tilley*, 2017 WL 3007799, at *3; *see also Castanon*, 2012 WL 1432554, at *2. Sylvester argues that he is entitled to relief because his wages "were garnish at a percentage too high for [him] to continue to pay." (Doc. 130, at 2). However, the Government is garnishing Sylvester's wages at a rate of twenty-five percent. (Doc. 125, at 2). 15 U.S.C. § 1673, which governs "[r]estrictions on garnishment" allows the Government to garnish up to "25 per centum of his disposable earnings for that week" and thus, the Government is garnishing Sylvester's wages at a statutorily authorized rate. 15 U.S.C. § 1673(a)(1). Further,

federal courts have recognized that "[f]inancial hardship, in and of itself, does not warrant relief because it is not a permissible defense to garnishment." *United States v. Thede*, No. R1950100001, 2020 WL 1952595, at *1 (D. Ariz. Apr. 23, 2020); *see United States v. Taylor*, No. 03CR5161, 2015 WL 128160, at *2 (E.D. Cal. Jan. 8, 2015) (stating "neither economic distress nor the failure of the Government to institute a payment schedule that is convenient for [the judgment debtor] are cognizable grounds for relief from a garnishment action"); *see also United States v. Bullock*, No. 3:03CR218, 2011 WL 486233, at *2 (W.D.N.C. Feb. 7, 2011) (stating "[w]hat [judgment debtors] may not contest is their claimed inability to afford the amount of garnishment"). Accordingly, a hearing is not warranted because Sylvester does not identify either a failure by the Government to follow statutory requirements or an exemption that applies. *See Tilley*, 2017 WL 3007799, at *3; *see also Castanon*, 2012 WL 1432554, at *2.

B. SYLVESTER IS NOT ENTITLED TO TRANSFER.

Sylvester requests both that the Court transfer this matter to a district court in New York and to a district court in Texas. (Doc. 130, at 1; Doc. 135, at 2). The Government counters that the Court should deny transfer because 1) it would be a waste of judicial resources, 2) it would further delay the Government's effort to collect restitution, and 3) it would "enable Sylvester's longstanding evasion of his restitution obligations." (Doc. 133, at 14-15).

Under 28 U.S.C. § 3004(b)(2), a judgment debtor who receives a writ of garnishment may request the Court transfer the matter "to the district court for the district in which the debtor resides." However, courts in the Third Circuit have found that "venue is proper and judicial resources are conserved where the garnishment proceedings are before the same court which tried the underlying crime" and have denied transfer requests where the judgment

debtor fails to provide a sufficient interest to warrant transfer. *United States v. O'Rourke*, No. 2:10-CR-00235, 2011 WL 3035394, at *3 (D.N.J. July 25, 2011); *see Tilley*, 2017 WL 3007799, at *2; *see also Castanon*, 2012 WL 1432554, at *3. Courts have further rejected requests to transfer where a hearing is not warranted because "there is no inconvenience [to the judgment debtor where] a hearing is not necessary." *Castanon*, 2012 WL 1432554, at *3; *see Tilley*, 2017 WL 3007799, at *2.

Here, the writ of garnishment relates to an indictment brought in the Middle of Pennsylvania and to Sylvester's guilty plea in the Middle District of Pennsylvania. (Doc. 1; Doc. 104). Thus, venue is proper in the Middle District. *See O'Rourke*, 2011 WL 3035394, at *3; *see also Tilley*, 2017 WL 3007799, at *2; *see also Castanon*, 2012 WL 1432554, at *3. Further, for the reasons discussed *supra* Section II.A, Sylvester is not entitled to a hearing, and thus has no interest to warrant transfer. *See Castanon*, 2012 WL 1432554, at *3; *see also Tilley*, 2017 WL 3007799, at *2. Finally, even if Sylvester had an interest in transfer, the Court cannot determine which district the Court should transfer this matter to. Initially, Sylvester represented that he lived at 20 Overlook Blvd. Nanuet, New York 10954. (Doc. 130, at 1). However, the Government informed the Court that any mail it sent to that address in relation to this proceeding was returned as undeliverable. (Doc. 134, at 2). Sylvester then represented to the Court that he lived in San Antonio, Texas, but provided no specific address. (Doc. 135, at 2). Accordingly, the Court **DENIES** Sylvester's requests for a hearing and transfer. (Doc. 130; Doc. 131; Doc. 135).

III.    CONCLUSION

For the foregoing reasons, Sylvester's requests for a hearing and transfer and motion to compel response are **DENIED**. (Doc. 130; Doc. 131; Doc. 135).

An appropriate Order follows.

                                                    BY THE COURT:

Dated: May 5, 2026                                  s/ Karoline Mehalchick
                                                    **KAROLINE MEHALCHICK**
                                                    **United States District Judge**

10